■ DWIGHT A. S. GARDNER, Respondent-Appellant, v. ILSA J. FLECKENSTEIN, Doing Business as FLECK ROOFING AND INSULATING Co., et al., Respondents, and ALICE E. OLDS, Appellant, et al., Defendant.— Judgment in favor of plaintiff entered October 18, 1955, affirmed, with costs; judgments in favor of defendants Fleckenstein and Dobson and order affirmed, without costs. All concur, except Vaughan, J., who dissents only as to affirmance of the judgment in favor of plaintiff entered October 18, 1955, and as to said judgment votes for reversal and for granting a new trial in the following memorandum: I agree with the determination of the majority insofar as it affirms the judgments of no cause of action in favor of the defendants Fleckenstein and Dobson but dissent and vote for reversal of the judgment in favor of the plaintiff and against the defendant, Alice E. Olds, upon the ground that the act of that defendant leaving paraffine unattended upon a lighted stove was not the proximate cause of plaintiff's injuries. In my opinion, the defendant, Alice E. Olds, was not called upon to anticipate the abnormal and unusual circumstances disclosed by this record. There must be knowledge of a danger — not merely possible but prob-

able, in order to impose liability. (Appeal by defendant Alice E. Olds from a judgment of Monroe Trial Term for plaintiff, in a negligence action; also appeals by plaintiff from two judgments of same court for defendants Fleckenstein and Dobson for no cause of action.) Present — McCurn, P. J., Vaughan, Wheeler, Williams and Bastow, JJ.